This is going to be Susquehanna Bank v. Internal Revenue Service. And Ms. Hauser, are we hearing from you first? Good morning, Your Honor. May it please the Court, my name is Bethany Hauser for the United States and the Internal Revenue Service, I guess in the caption of this case. I'd like to reserve four minutes of my time for rebuttal. This is a case where the federal tax lien arose before the mortgage at issue was executed and the notice of federal tax lien was recorded before the mortgage was recorded. We are here today because the lower courts, in order to put the mortgage ahead of the federal tax lien under those circumstances, misread a federal statute in order to give effect to The federal statute is section 6323 H1 of the Internal Revenue Code. It provides that the federal tax lien, excuse me, it provides that the creditor has a security interest, that that security interest exists, that's in the present tense in the statute, once it has become perfected against a subsequent judgment lien. That's in the present perfect in the statute. That grammatical construction, the use of the present tense and then the present perfect tense means that the action that's in the present perfect tense must be completed before the ... I gather your argument is that at the time your lien attached, January 10th, there had not been a recorded lien by Susquehanna. Actually, Your Honor, the federal tax lien attached no later, the last federal tax lien attached in September of 2004. They attached to the tax property once the taxpayer fails to pay upon notice and demand. That's in 6321. Can you explain what's the significance of January 10th? January 10th is when the government filed its notice of federal tax lien. The unrecorded tax lien, sometimes called the secret lien, sometimes called the statutory lien, is always effective against the taxpayer and all his property and rights to property. Does it need to be filed in order to be binding against Susquehanna? It needs to be binding against certain other parties, and those parties are defined in the federal statute. One type of party who's protected is the holder of a security interest, but once the notice is filed, the federal tax lien trumps everything else. Why is the answer to Judge Niemeyer's first question not simply yes? I'm sorry, I've lost track. The first question he asked was whether your argument was that on January 10th, the government had a perfected lien because you've done all the notice, gone to the secretary, noticed the whole bit, but the bank did not. Yes, that is also . . . Why wasn't your answer simply yes? I suppose, Your Honor, I'm . . . You're trying to do your job and argue more fully. Thank you. Thank you, sir. Also, the statutory lien is chronically . . . I'm trying to get . . . Chronically forgotten. The district court here, for example, left it out of its statement of facts, so . . . I know, but I'm trying to get to the heart of your argument. All right. I gather the heart of your argument is that as of January 10th, when you completed the Susquehanna lien had not been protected as of that time. That's correct. The argument, obviously, is you're going to state law and we have this state law that says as of February 11th, when Susquehanna recorded, its recordation related back to January 4th, when it got the deed of trust. Right. It was signed in its favor. Your argument is that doesn't trump the federal statute which says it's what existed as of February 10th. That's your statutory argument, right? January 10th, yes. January 10th, excuse me. Right. Yes. Now, let's just set that aside just for one second. Sure. If you have an owner who conveys a property to a purchaser, to the contract, and then the owner, two days later, borrows from a bank $100,000, and then two days later borrows another $100,000, and the banks record their liens after the contract, but the contract is still unexecuted because they haven't closed yet. Do the banks get a superior position under general law? I'm getting to the conversion, equitable conversion business. Right. The owner enters into a contract to sell property January 15th. On January 18th, the owner then borrows $100,000 from the bank. The bank records the lien. On the 20th of January, the bank loans them another $100,000. They record the lien. Are those liens to be given effect over the contract to sale? I believe the answer under Maryland law is that the liens attach to the owner's true interest in the property. Since the owner's true interest in the property is already subject to the contract, the liens are attached to, say, the proceeds of the contract. They can't defeat the contract to sale, right? Right. That's in every state. Yes. Okay. That, to me, is the more difficult issue for you in this case. There was a contract of sale. There was a grant on January 4th to Susquehanna, deed of trust grant. It was conditional. It's less than a full sale, contract of sale, but it's a deed of trust. It's a grant. They actually grant the property to be held in trust to secure the loan. The IRS filed its lien after that, on the 10th. Now, why isn't that similar to the hypothetical I just gave you? Because, under this circumstance, you're looking at the bank's interest as the interest of a purchaser and asking whether it's superior to a . . . The first interest, the interest that trumps, is the interest of a purchaser. Under the federal statute, that's 6323H6, for the interest of a purchaser to trump the unfiled federal tax lien, it has to be superior to a subsequent purchaser without notice. This court decided that case in a case called Bork v. Crick. I think it's from 1962. But isn't it just, if your argument is that the IRS just doesn't like the relation-backed theory that Maryland affords by law? Congress has, by writing the statute this way, using these grammatical tenses, Congress prohibited the reliance on any state law, not obviously singling out Maryland, on any relation-backed principle. The statute could also be construed the other way. It's your regulations that you're trying to abolish the relation-backed theory. Well, if you believe the statute can be construed either way, then yes, I believe that under Chevron, the regulation should control if the statute can be construed either way. Now, as we argued in our brief, we think the statute is clear, that the grammar of the statute controls. But if you think the reference to local law makes the statute ambiguous, then when we have ambiguity in the statute, we would look to the gap-filling regulation, which quite clearly says that you cannot apply state law relation-backed rules. Well, you know, I'm still grappling with Judge Niemeyer's example on the contract of sale. Ownership really has to exist before you can perfect. I mean, you can't put a deed of trust on property you don't own. You can't do it by virtue of a sales contract, I don't think. But in any event, the issue seems to turn upon perfection, and perfection really goes to the instance of it taking priority over other liens. In this instance, the IRS lien had been assessed before January the 10th, but it wasn't perfected until January the 10th. The deed of trust was put on the property before then, but it wasn't recorded until after January the 10th, which is the perfection of it. And so the effect then becomes, does the relation-backed statute determine the priority of this lien, or is priority determined by federal law? And if it's determined by federal law, then, which it seems like in Ray Charles says federal law really determines priority, not state law, then you can't take a relation-backed statute and do that which you didn't have in the beginning. Otherwise, there'd be no end to this. You could put a deed of trust on a property, wait two, three years, and then record this thing. And for every lien that comes up, it relates back and trumps that, even though you only had to do the simple fact of go down and record. And I don't understand why they took so long to record it. I've closed many real estate deals in my time, and I just don't understand why in the world would you wait after you put a deed of trust on a property to go and record that deed of trust. But they did. So that's the problem you have here, it seems to me it's the perfection of those instruments. Yes. Well, let me ask you, talking about ambiguity, what's ambiguous about looking at the statute that says interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation? That's clearly what it says. The words you just said, has become protected, which means that all the actions to perfect it have to have been completed. Well, under Maryland law, as I understand it, the instrument becomes protected upon the date of delivery. The Maryland Relation Back Statute depends upon recordation. No, that's the lien. There's two theories in this case. One is the lien theory. You're claiming a lien prior to their lien. There is also a security interest protected by equitable conversion theory here. And the question that Judge Floyd is asking is when the contract, when the deed of trust is executed on January 4, a security interest is created because it's delivered at that point. It's not recorded, but it's created and it's protected. And you acknowledge that subsequent loans after that contract don't trump the contract to sale. This is a different theory than the lien business. The lien business, you have a good argument on have been recorded and that type of thing. But the question now is did Susquehanna have a security interest on January 4 when a deed of trust was delivered to it and fully executed? Not as the term security interest is defined in the federal statute. What's it say? How's it defined? It's defined as existing once the interest created by contract has become perfected. No, it doesn't say it has been protected, right? Has been protected, yes, I'm sorry. Has been protected. On Maryland law, I think every law in the country, when you enter into a contract to sale for real property, because real property is unique, it's enforceable specifically and it creates an interest, an equitable interest in the property on January 4. We're not talking about recorded liens now. We're talking about a security interest in the property. The question is can you defeat that security interest just by subsequently recording your interest? I'm talking about as of January 4. I mean at January 10 when you recorded. If the taxpayer here had made a contract to sale to a third party. They did. They gave a grant of all the property. There's a full grant of property to Susquehanna. The deed of trust actually conveys the property to a trustee or to secure the loan. If the taxpayer had done that again the next day to a third party, to another party, not involved in this case, a hypothetical additional party, and that party had gotten to record first, then... There's no recordation under Maryland law for this. This is an equitable conversion. It's based on the conveyance of the property by a contract. You agreed with my hypothetical earlier that banks could not get lends superior to that contract to sale. If it's a contract for sale, yes, but then you're analyzing it under the purchaser segment of the federal statute. No, this is not under federal statute. This is under Maryland law whether the security interest of Susquehanna is protected as of security interest, not a lend. Security interest is protected as of January 4. Let me go back. If the taxpayer had given another security interest on January 5 and that was recorded and then Susquehanna had never recorded, yes, you would give effect to the recorded mortgage. Talking about the unrecorded. This is a contract to sale. In other words, would you give effect in your scenario to the unrecorded interest of the bank here on the 4th over a subsequent, in your example, if another bank shows up the next day or two days later, loans another million dollars and it records it, does that have priority over that unrecorded one? Once it's recorded, then once they're all recorded, then they go in the date of execution. The hypothetical, let's stick with the hypothetical, follow it. The contract of sale is on January 4. On January 5, a bank lends money to the owner and records a lien. You agreed with me that lien doesn't defeat the contract of sale. The lien holder can't get more than, because the courts will enforce the contract of sale in favor of the purchaser. Let me try it this way. My fundamental point is that the contract for sale would not defeat the prior federal tax lien. Not prior, subsequent. It would not defeat a prior federal tax lien that was not, the notice of which was not filed until later. That's Bork v. Crick. Does your regulation define what local law means? I mean, I don't think... The regulation clearly states that you cannot rely on a relation-backed rule from local law. That principle comes right out of the legislative history and it's consistent with the grammar of the statute. It's a reasonable regulation. Let me ask you this. Your argument, as I understand it, that you just made, is that even though the tax lien is not recorded or not filed, the fact it exists will bind Susquehanna without notice on January 4? My point is that it binds the taxpayer. I'm talking about Susquehanna. They're the ones that got the interest on January 4. The question is, are they defeated? Until... On January 4, they signed a contract. Until their interest has become protected. It's protected as of that point. Maryland law recognizes a contract when signed and delivered. An equitable interest. Right? It's an equitable... The equitable interest that the district court was talking about here... Maryland law recognizes an equitable interest created by a contract to sale for real property. That equitable interest is not sufficient to trump a prior federal tax lien. Without notice? Yes. How does Susquehanna know about it? They sign a contract and all of a sudden they're blindsided? The whole point of recordation statutes is to bring everyone down to the recordation office so that everyone can be on constructive notice of all of these things. Now, 6323 requires the federal government to comply with those rules. That's a priority of liens. I'm talking about how you defeat the equitable conversion theory. That is, contract for the sale of real property. When somebody buys real property, his interest cannot be defeated by subsequent recorded lien or other interest. But when someone has a contract for the purchase of real property and that contract is not filed and it would not trump a subsequent contract for sale of that property, it is not sufficient to trump a federal tax lien. That's the law in this circuit and in every circuit. You're saying that if I buy real property from you and I enter into contract with you on January 4, my contract can be defeated by a lien which is not recorded and of which I have no notice, a tax lien. If it's a federal tax lien, until the time you file, yes, until the time you record it. So it defeats my equitable interest? Yes. Then what's the statute do? Why does the statute say it's protected by local law? Because local law wouldn't say that. When we're talking about an equitable purchaser, we're under the purchaser segment of the federal statute and that says it's protected against a subsequent purchaser. The reason the federal tax lien and we cited the old 19th century cases at the beginning of our brief. What is the case you have to say an unrecorded tax lien has priority over a contract to sale? Bork v. Crick. And then there's a much more recent case called Regeria which followed Bork v. Crick in this circuit which held that an unrecorded federal tax lien trumped the contract for sale until the contract was recorded. We'll follow up on that. I'm bringing this back up because maybe I moved through the equitable conversion aspect of this case too quickly. But it seems to me that to even deal with an issue of that sort, you've got to talk about federal statutory interpretation and then mix it up with state equitable principles. And I've just not seen that done before. I haven't seen anybody hold a case of this sort to be that a lien in this instance or at least an interest would be trumped by an equitable conversion theory. I haven't seen another case that does that. I don't think that there is a case. The cases that the District Court relied on in its opinion are all cases where the mortgages were eventually filed. Don't we look to local law to decide when a security interest is protected? We don't look at federal statutory law. Federal law defers to the state law, doesn't it? It doesn't give a blanket deferral. No, it says when as protected under local law. It says has become protected. Has become protected under local law. So you look to local law to see whether the Susquehanna's interest was protected as of January 4th. Don't you? I was about to say as of January 10th. 10th is better, right. So then the question becomes what is local law and how much are we going to reach out into case law, equitable principles and matters that are not even statutory to render something on a federal statute invalid. I just haven't seen a case that does that. I agree, Your Honor. We have one other principle controlling us actually Judge Niemeyer wrote in Construance 63 23 the court treats the IRS no better or no worse than other third party leaners under state law. And you're asking to get better treatment in this case, aren't you? No, Your Honor. We're asking that you follow the statute which prohibits the relation back. And we're asking that if you look under equitable principles at the true interest that you recognize that the federal tax was already attached to the taxpayer's interest no later than September 2004 and the taxpayer did not have a lean free interest to convey to the bank. If you're looking at all the facts and circumstances Your argument goes back before January 10. Your argument goes that when SESQAHANA took the deed of trust it was taking it subject to an unrecorded tax lien. Is that right? That is always the case. No, is that right? Yes or no? Yes, but 63 23 will exempt people from the effect of that under certain circumstances when people come between. No, the statute doesn't say that. You have to rely on case law because the statute says that only when you give notice will you bind third parties like SESQAHANA. You're saying an unrecorded tax lien pre-existing tax lien before January 4 will bind a purchaser of property even though he could not have discovered it by looking at the land. Until he records. No, not until he records. I'm saying as of January 4 when he signed. He gets an equitable interest under state law on January 4. When he signs the contract for sale, no. So you're saying his contract of sale is taking subject to an unrecorded tax lien. Is that what you're saying? That is what this court held in Ruggiero and it relies on Bork v. Corrections. That's an unrecorded contract for sale. Now later there was a But Maryland treats a contract for sale of real property just like every other state. It's a specific performance type of contract. A contract that creates an equitable conversion, equitable title in the purchaser. And you're saying that equitable title is defeated by an unrecorded tax lien. If the unrecorded tax lien arose before the contract for sale, then the seller did not have unencumbered title to pass. And if the purchaser under the contract wants to rely on the recordation statutes he needs to record in order to have an interest that would trump another purchaser under local law. Of course, Maryland law doesn't require recordation to create the equitable interest. Maryland law says an equitable interest passes as of the signing and delivery of the contract. But if we're looking to equity the seller cannot give something he does not have. Equity can't establish something in the seller he did not have. The question is once the equitable interest is recorded can it lose its priority to a subsequently recorded interest? Whereas once you record it once you have the equitable interest in the first instance you have a deed of trust on the property but you haven't recorded it. Does it remain so if you don't record it and there is a subsequently recorded interest, does it retain its priority over it? Under Maryland law it does, right? You agreed with that. I believe that's Maryland law, yes. Why don't we you have your four minutes. We've given you a little extra time but I think we understand the argument now. Mr. Volkanet. Good morning, Your Honors. May it please the Court. My name is Ian Volkanet. I'm here on behalf of the Appellee Susquehanna Bank. The issue before the Court today is whether the U.S. District Court sitting in its appellate capacity erred in affirming the priority of the Appellee's deed of trust. Let me just get cut to the quick here again. I just want to raise this question that's on the table because it's the most difficult for me and of course other judges may have their own questions. If you took equitable title to property on January 4 and there was an unrecorded tax lien, do you take subject to the unrecorded tax lien? No, Your Honor. Respectfully, the IRS reverses the roles of the parties. Here the IRS is in the role of a judgment creditor. She cited to a case a couple of cases. What's your response to those? Unfortunately, I'm not intimately familiar with the cases cited by Appellant's Counsel. However, I am firm on Maryland's law which is that IRS sits in the role as a judgment creditor and Appellant's Counsel, respectfully, reverses the roles. It's a judgment creditor who must stand and fall by the real and not the apparent rights of the judgment debtor. Here it's the Susquehanna Bank as the bona fide who takes and is protected, is insulated by the legal protections afforded a bona fide purchaser or lender. Under Maryland law it's quite clear that an unrecorded judgment debtor will not take who's prior to the contract of sale will not impair the contract of sale. The contract of sale gets priority. If they recorded before, obviously, because then it can be discovered. But the argument here is that the federal tax lien which has not been recorded but exists before the contract of sale trumps the contract of sale even though Susquehanna had no notice. Respectfully, Your Honor, the Susquehanna Bank disagrees. Obviously the governing statutes here 6323A dictates that the IRS tax lien is not valid against the holder of security interest unless and until that tax lien is recorded. Although the appellant uses words like arose, attached, and was created, those words obfuscate the true and operative date. The only operative date for the IRS is the date they filed their notice of tax lien. Subsection H1 directs this court to look at local law to determine when the appellee's interest became protected. And the only operative date there is the date of delivery and execution of the security instrument. What about her grammatical argument that present tense creates an ambiguity in the statute? Certainly. Here the appellant attempts to juxtapose the use of the past-present tense as become protected against the language of Maryland Real Property Code 3201 which directs this court to say that the appellee's interest, once recorded, becomes effective as of its date of delivery. And there's some confusion over the words because appellant says that the statute directs this court to protect the appellee's interest once it's perfected. But that's not the wording of the statute. It's once it's become protected, not perfected. And Maryland's Real Property Code doesn't help because it uses the word effective which again adds a little layer of confusion. But Maryland's case law is clear that once the security instrument is executed and delivered, it is protected under local law on both a lien theory and an equitable theory. Well, I don't know if you can buy the lien theory business. How's it become a lien? Well, because again, we're looking at when does... There's a security interest that is recognized by courts. But I'd like you to, if that's your position, I'd like you to address the question that Floyd just raised. It seems to me the government has the better statutory argument when it says its lien will stand superior to any other lien that was not in existence as of the time January 10th when it recorded its lien. As of that time, Susquehanna had no lien. You agree with that? It had no legal... Correct. Okay. That's to me is a different argument than the security interest created by conveyance. Unrecorded conveyance creates a security interest under Maryland law. Correct. That's not a lien. So for you to be arguing that a statute gives you a relation back when the statute said it had to exist, the lien had to exist as of the time the IRS recorded its lien on January 10th. It didn't exist at that point. Respectfully, Your Honor, the statute doesn't say that the lien must exist. It said have been. Has become protected. And therein lies... And when they record their lien, it had not become protected. Respectfully, Your Honor, appellee's position is that it had become protected. How? Under the decisions by Maryland's courts of appeal. Most recently under... Under what theory? Don't tell me the case. Certainly. Well, the theory is that... There's no lien, is there? You just agreed that there was no lien created by the contract of sale. Correct. But 6323 H1 doesn't ask this court to determine when is there a lien. It asks when it has become protected. I'm arguing, suggesting to you, you should not be arguing the priority of liens on a relation back. You're going to lose. Where you have an argument to make is that you have a superior, equitable interest in the land. And you didn't argue that in your brief. I don't see it anywhere in your brief you argue what Judge Neimeyer is putting forth, that you... This equitable interest in... Looks like to me you had abandoned what I thought was wise to abandon because I didn't see the basis for it, but maybe it's being resurrected here, but I haven't seen you argue it. The wonderful part about being at the podium here is we get to argue in the alternative. And so it's appellee's... Stuff you didn't put in this brief? Well, respectfully, I believe that... Tell me where it is in the brief. I believe it's the last section of the brief. In so far as appellee would be protected even if it did not have a statutory lien. Section dealing with ambiguity? Correct, Your Honor. In the relation back, the prohibits relation back? Correct. Sounds like the equitable conversion argument. Well, appellee is protected under... Again, our theory is that we're protected under both a lien theory and an equitable conversion theory. And under the... I want to be sure. I want to go back and see if I see equitable conversion in your brief being argued in the fashion that's being presented here today. I thought you were looking toward the lien theory here, which seems to be the basis for saying that on the local law, because Maryland has a relation back statute, you're relying upon that to say that you can relate back. Which is the first basis upon which the trial judge entered his judgment. Judge Gordon, yes. The equitable conversion business, as I said, I haven't seen a case in this country that does that. And you didn't argue. I don't see it here. Did you? Perhaps the brief is not nearly as articulate as Judge Niemeyer. Make it articulate to me and tell me where it is in this brief you argued what Judge Niemeyer is saying here today. The last case that's discussed, the What page? 17? It would be near the end of the brief. And I'm not sure that the phrase equitable conversion is ever put into print. Not that I can see. If I was going to rely upon something that's a better argument than lien, I wouldn't say lien all over every page in this brief has lien in it. But not one page has the words equitable conversion. A fault in drafting, perhaps. But respectfully, Apelli's position is A fault in drafting? I don't know why you make that concession. The Stebbins-Anderson case does talk about equitable charges to the property. But you don't see it. That's on page 17. And respectfully, it's not Apelli's position that the equitable conversion theory is a better theory. Again, because we have the privilege of arguing in the alternative, Apelli's position is that we prevail both under a lien theory, under the language of Mary B., and under an equitable conversion theory. But if we get to this equitable conversion argument, we are going to have to listen to the argument that's being made here in this courtroom, and we're not going to get it from your brief. And I just don't see the basis of it. I don't see where you've argued it. Again, it's Apelli's position that the Stebbins-Anderson case that is discussed in the brief... Yeah, if you cite a case, and in that case it's discussing it, but that's not the basis that you cited that for. It was a relation-backed basis. Again, respectfully, this Court is able to hold Apelli prevails under two different theories. We are able to go back and sort of, even though the trial judge gave two bases, you don't argue it up here in your brief. You're saying now we can go back and, like we do in summary judgment, just find a reason to support this. You don't rely upon that reason. Respectfully, no, you are. Again, the position is not that we didn't argue it and we're bringing it up now. The position is it is argued... When folks stand in front of, defendants stand in front of this Court all the time, there might be another basis. He didn't argue it in that brief, we don't let him get up here and argue it now. Certainly. But if we're going to do it today, I just want to be clear, that's what's happening here today. To be clear, Apelli's position is it prevails under both theories. So both theories are being posited and advanced by the Apelli. I'm not saying that's wrong. What I'm saying is, I'm looking at your brief and it may be both theories, but you're not really arguing both theories. It's really the lien and it seems like to me that's the basis. And I understand you're coming to court and you hear the argument going a certain way. It's kind of like, oops, maybe we should have taken a few more pages on this or said something more than just quote a case. But that's all you did. There's nothing there. It may be a more tangential argument than we would have preferred, but that is what was submitted in the brief. Yes, Your Honor. Except the burden's not on you because the district court relied on equitable conversion and ruled against the IRS and the IRS appealed to that issue and argued it in its brief. Yes, Your Honor. At length. It seems to me you're passing reference to say the district court was correct on that. That's all you had to say. I agree, Your Honor. You didn't say that. Did you say that the district court was correct on it anywhere in this brief? Yes. I believe the last few paragraphs say that there's an alternative basis for affirming Judge Hollander's decision. And that alternative basis, of course, is the equitable theory. Of course, the issues before us are not based on your brief, but on the IRS who challenged that ruling. Yes, Your Honor. Yes, Your Honor. Returning to the more substantive issues at hand, Maryland's local law is clear. There's no dispute that the local law incorporated here is Maryland's. And Maryland's Courts of Appeal since 1871 have made clear that a previously unrecorded mortgage or deed is protected even against subsequently perfected judgments, even if it is recorded later. And that's the simple chronology we have here. We have a previously unrecorded deed, then a subsequently acquired and perfected judgment, and then recordation happening afterwards. And we're arguing who gets priority based on that simple chronology. And Maryland's Courts of Appeal, iterated in the Mary B. decision, the Taylor Electric decision, and again by the U.S. District Court in W.C. Holmes, makes indelibly clear that notwithstanding the chronology of recordation, it's the deed under Maryland Real Property 3201 that receives priority and is protected. And that goes, you know, you also have the Chicago Title Insurance case and Angelo's, you know, one of those cases was recorded two years later. And the Court of Appeal still says it's protected. Certainly. In the W.C. Holmes case decided in 2010 by the U.S. District Court, it was a five-year gap. And if we're looking to the relative equities of the parties, here, the bank recorded some 31 days later. The banks... Which is inexplicable. Why didn't the attorney go that day, that's my experience, and record? Well, Your Honors, put in the practical context of a loan settlement, once that instrument is submitted for recording by the clerks, it depends on the county, it depends on the holiday schedule, it depends on the season. Doesn't matter in this instance. Certainly. If we waited another year and the IRS lien had been perfected, it wouldn't be any good, based upon the argument just being presented here, unequitable conversion. So why would it... Why record it at all? It's got an equitable interest in it that no subsequent lien that's been perfected can take priority over. Your Honor, you record because you are insulated against subsequent judgment creditors, even if you're unrecorded, but you're only insulated against bona fides if you record. And here, that's where there's some confusion. The appellant attempts, like Mary B. did in the Chicago title case, to crowbar themselves into a more favorable position. They argue that they're bona fide, which is why appellant's counsel advanced to Judge Niemeyer that the bank took subject to this unrecorded interest. But she confuses the roles of the party, the roles of the parties. Here, it's the bank who is the bona fide, and it is the IRS that is a subsequent judgment creditor who must... What's the effect of the January 10th perfection of the federal lien? What's the effect of that? The effect of that is security instruments would become subject to that lien as of that date under 6323A. And 6323H1 directs this court as to the timing element. When did the security interest become perfected under local law? If the IRS... You didn't need the relation back statute, based upon what you're saying here today, in order to have a priority lien interest, interest at all, I guess, from equitable conversion. You don't need the relation back to prevail here. No, because we're bona fide and the IRS is not. Correct. So are you today abandoning the lien argument and adopting this equitable conversion argument? Absolutely not. The appellee's position is that we... Doesn't sound like too many people on your side on a lien. Judge Niemeyer's not on your side. Doesn't sound like I'm on your side on a lien. So, I mean, if you don't have the lien argument, then you're just embracing this equitable conversion argument that you really didn't argue. I'm embracing both arguments, Your Honor. And under the lien... I'm not saying you're not embracing both. Did you understand what I just said? If it is appearing that you're not going to prevail on the lien, there's not much embracing you can do there. You must now embrace this equitable conversion aspect of it. Certainly, and again, I think we're very strong on the equitable conversion, but I have four and a half minutes, and I think I can discuss with you quite knowledgeably the lien theory and explain why under Mary B., which is the Chicago... I don't know why you don't take the judge's hints and argue the case strong. Certainly. Why are you picking up the pieces? Well, we do... The bank does prevail. You put it in your brief, so you better argue it up here. Because what Judge Niebuhr is arguing for you, you need to help him argue along with it. Because it's not in your brief. What would happen if this thing had been recorded after the bankruptcy? Would that change the game? It certainly would, because the question is when you're recording, you're securing your interest in what? And if the property doesn't exist anymore or has been subsequently conveyed, it does change the game. You're right. But, standing here today, we did record. And that hypothetical, albeit illustrative, is not applicable here. We did record, and again, under 6323H1, the pivotal question... There's no dispute that the property existed. There's no dispute that Susquehanna Bank parted with money or money's worth. The only issue is when did its lien or when did security interest become protected under local law? And it became protected as soon as there was ink fresh on the page on that deed of trust. Equitable title vested in Susquehanna Bank, and from that date, it became a bona fide, and the IRS was defeated because they did not record. Do you determine either under state law or is it federal law when a lien is perfected? It's federal law which determines the priority, but here, federal law does not defer, but incorporates all of Maryland law. And it's the appellant's counsel who asks you to incorporate most, but ignore some of local law. So is it federal law, or is it state law that determines when a judgment lien is perfected? It's state law that determines when a security interest is protected. And again, I want to make sure the language is clear, because there's... When is the word perfected? When is it perfected? Is it state law or is it federal law that determines when a judgment lien is perfected? It's state law. State law determines when it's perfected. The statement right here in In re Charco must be wrong. It is federal law, not state law, that defines when a judgment lien is perfected. That must be wrong then. The In re Charco case, I believe... I'm just reading that one statement that's right there. Certainly. That case dealt with a West Virginia statute and a battle between two parties who are both themselves subsequent judgment creditors. Here we have parties who are in much different roles. Here, the bank is not a subsequent judgment creditor. It is the holder of security interest and a bona fide. And it's competing for priority against the IRS who didn't record their interest until after equitable title had passed on January 10th. So the equitable title passed on January 4th, didn't it? January 4th. Yes, Your Honor. I'm sorry, Mike. Dates got crossed. The back argument is your best argument. I believe they're both wonderful arguments, Your Honor. I believe that under the precedent set by the Chicago title, Angelos, Taylor... Don't you see the dangers of arguing the relation back? You have the federal government, you have the Congress expressing it in statute, in regulation, and in legislative history. Now, whether we can use those or not depends on whether the statute's unclear. But they all are against a notion that is going to defeat the has-been protected as of the time the IRS filed. In other words, when the IRS filed on January 10th, Susquehanna had not recorded anything. That's correct. And so it seems to me the question is, was Susquehanna's interest protected as of January 10th? That's the issue. Yes, Your Honor. To argue relation back is just like kicking a dead horse, I'm going to tell you. Well, in that case, we are protected under equitable theories. I mean, Maryland case law is clear that the bank is protected as of January 10th, and for those reasons, this Court must affirm the holding of Judge Hollander in the U.S. District Court. Perhaps in any further questions, I'll cede my time. Thank you, Your Honors. Ms. Hauser. I'm still wrestling with the argument you've made with respect to the fact that an unrecorded tax lien will trump a conveyance, unrecorded contract to sale. And you say your tax liens existed before January 4th. And I'm just looking at 26, 6323A, which says the lien imposed shall not be valid as against any purchaser or holder of security interest until notice thereof meets the requirements of subsection F, and of course, subsection F is the recording section. It seems to me Congress has made it pretty clear that you don't get rights against bona fide receivers of security interest like Susquehanna until you record. You claim the relation back to? We don't get rights against parties who fall within the terms defined by the federal statute. But an unrecorded contract for sale does not bring a party into the federal statute. It says that you don't get it as against the holder of a security interest. And then a security interest is defined by reference to state law. And state law, it says a security interest is protected when the deed is signed and delivered. Not recorded. Now, I don't understand how you're going to get federal law to trump what the federal law defers to state law. If you were referring to the state statute, you're referring to the equitable conversion theory. Well, I'm looking at the notion that how do you defeat a contract of sale? Which is an equitable interest in the property. Because the equitable conversion cases, and I think it's Stebbins-Anderson spells this out, that they look to the true interest in the property. And the taxpayer's true interest in the property is already encumbered with the federal tax lien. Now, yes. The tax lien didn't defeat a bona fide purchaser for value. Perhaps it would be clearer. It's not recorded. The tax lien will defeat a bona fide purchaser for value until that person has an interest under state law sufficient to trump a subsequent bona fide purchaser. The federal statute doesn't say that. The federal statute says you don't get a lien ahead of a state created security interest. It doesn't talk about a lien, and it doesn't talk about recordation. It talks about when a security interest is created. I thought we were talking about purchases, Your Honor. I'm sorry. That's where the security interest comes. I mean, it says purchaser too, but it seems to me Susquehanna is both a purchaser and a security interest. It holds a security interest. It's a limited purchaser. The purchaser and security interest are both terms defined by the federal statute, and they have to come in within the terms of the federal statute under whichever definition they're attempting to meet. I have 20 seconds. I'll just ask the court to reverse the district court and uphold the federal regulation. Thank you. I would like to know, because I'm trying to put my mind around it, what is the relationship between an equitable purchaser and the priority of a security interest under federal law? There's a lot of mixing here. To get there, you've got to deal with the priority of the security interest under federal law, and then bring in local law on an equitable purchaser. What is that relationship? To be a purchaser under federal law, you need to fall within the federal definition of a purchaser. Equitable purchaser under state law. What is that relationship with the priority of a security interest under federal statute? I'm not sure, Your Honor. I just don't see the relationship between the two. It looks to me like they're two different things. Yes, that would be. I don't see what exactly the relationship should be. An equitable purchaser trumps the federal statute on the priority of a security interest. I'm just having a difficult time reaching that. I am with you, Your Honor. Precisely because the equitable purchaser theory looks to the true interests and the property. When we're looking to the true interests, we look to the then, in fact, the federal tax lien has already attached. One way to think of it might be that on January 4, the federal government had an unrecorded tax lien and the bank had an unrecorded mortgage. At that point, we just have a race to the courthouse. A race to record. You're assuming that recordation is the criterion. It is for the government's position, but it's not for the taxpayers. I mean for Susquehanna's. I would dispute that. If they're trying to come in as a purchaser, recordation is essential. If they're trying to come in... Under the state statute, the relation back principle requires recordation. That's on the lien, but I'm talking about this federal definition of a security interest does not require recordation. It just says when the security interest is protected under local law. Yes, that's what it says. Then you look to local law, which is recorded, and you ask when did Susquehanna's security interest become protected? Your argument has to be it became protected only when recorded, which is not what the state cases say. I believe the state cases look to the true interest in the property, Your Honor. Thank you. We'll come down and greet counsel and then proceed on to the next case. Is that okay with you?
judges: Paul V. Niemeyer, James A. Wynn, Jr., Henry F. Floyd